UNITED STATES DISTRICT COURT
FILED
SEP 2 8 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS G. WITT,

Plaintiff,

v.

26-CV-1233 (JLS)

ROBERT MILBY, Wayne County Jail Sheriff; SGT. ADAM VERKEY; DANIELLE JAMES, Nurse Administrator; DR. HARJAI, Mental Health Prescriber/Doctor; and PRIME CARE MEDICAL SERVICES,

Defendants.

## ORDER

*Pro se* Plaintiff, Thomas G. Witt, is a prisoner confined at the Groveland Correctional Facility. He filed this action on April 9, 2026, seeking relief under 42 U.S.C. § 1983. Dkt. 1.[1] This Court granted Witt permission to proceed *in forma pauperis* ("IFP"), Dkt. 11, and until August 4, 2026, Witt actively prosecuted this case. On that date, however, correspondence from the Court to Witt was returned carrying the notation: "Inmate Refuses to Accept Legal Mail." Dkt. 12.

On August 5, 2026, the Court entered an order directing Witt to file a written response by September 9, 2026, explaining whether, in light of his refusal to accept

[1] Witt initially filed this case in the Northern District of New York. The case was transferred to this District on June 16, 2026. Dkt. 5.

mail from the Court, he wishes to continue to pursue this action. Dkt. 13. The Clerk's Office mailed that order to Witt's address on file on August 6, 2026. To date, the Court has not received a response.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)).

A "district court considering a Rule 41(b) dismissal must weigh five factors." *Id.* at 216. Those factors are:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No "single factor is generally dispositive." *Id.* (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

The Second Circuit "review[s] a court's dismissal under Rule 41(b) for an abuse of discretion in light of the record as a whole." *Id.* (citing *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). The Court instructs that "a Rule 41(b) dismissal is a 'harsh remedy to be utilized only in extreme situations.'" *White v. Westchester Cnty.*, No. 19-CV-3604 (KMK), 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d

206, 209 (2d Cir. 2001)). And "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209.

Even "*pro se* litigants," however, "must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99 CIV. 4976 (WCC), 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008). Indeed, "the authority to invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quoting *Lyell Theatre Corp*, 682 F.2d at 42).

Here, Witt refused to accept delivery of the Court's July 21, 2026 order granting him leave to proceed IFP. Dkt. 12. He also has failed to comply with the order directing him to inform the Court as to his intention to pursue this action. *See* Dkt. 13 and Clerk's Office confirmation of mailing on Aug. 6, 2026. The most recent order, Dkt. 13, plainly apprised Witt that if he failed to respond, this Court may dismiss this action pursuant to Rule 41(b).

It is axiomatic that a case will languish if a litigant refuses mail related to the case. *See, e.g.*, *Ramadan v. Niagara County*, No. 6:12-CV-6425 MAT, 2014 WL 2865093, at *4 (W.D.N.Y. June 24, 2014) (observing that when the Court and opposing counsel cannot communicate with a litigant, "the matter will remain pending indefinitely without the possibility of resolution"); *Martin v. New York City Police Dep't*, No. 80 CIV. 2039 (MGC), 1987 WL 11696, at *2 (S.D.N.Y. May 22,

1987) (dismissing case under Rule 41(b) "[i]n view of plaintiff's repeated refusal to comply with the Federal Rules of Civil Procedure, his repeated refusal to accept service of legal papers and to accept the direction of the court"). Witt's refusal to accept mail and his failure to respond to the Court's order impacts the efficient administration of this Court's docket—taking time from litigants who are diligently pursuing their cases.

In light of Witt's *pro se* status, the Court grants him one final opportunity to comply with the Court's orders. Accordingly, by **October 29, 2026,** Witt must file a written response telling the Court whether he wishes to continue to pursue this action.

If Witt fails to file his written response by **October 29, 2026,** the Clerk of Court shall close this case as dismissed without prejudice. The Clerk of Court shall mail a copy of the docket sheet to Witt with this Order.

In the event the complaint is dismissed because Witt has failed to file a response, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

Pursuant to Western District of New York Local Rule of Civil Procedure

5.2(d), Witt must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 28, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE